UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BUDDHI B. BANIYA,                        )
                                         )
          Plaintiff,                     )        Civil Action No. 3:21-CV-00514-CHB
                                         )
v.                                       )
                                         )        **MEMORANDUM OPINION AND**
UNITED STATES CITIZENSHIP AND            )                 **ORDER**
IMMIGRATION SERVICES                     )
                                         )
          Defendant.                     )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion to Dismiss filed by Defendant United

States Citizenship and Immigration Service ("USCIS") [R. 5]. *Pro Se* Plaintiff Buddhi B. Baniya

responded, [R. 6], and USCIS replied, [R. 7]. This matter is now ripe for review. For the

following reasons, the Court will grant USCIS's Motion to Dismiss.

**I.**

Plaintiff filed this action on a civil complaint form. In the caption of the form, he names

"USCIS" as Defendant. [R. 1, p. 1]. However, in the Parties section of the form, he fails to name

a Defendant. *Id.* at 2. In the "Basis for Jurisdiction" section, Plaintiff fails to check whether the

action falls under Federal Question or Diversity of Citizenship jurisdiction. *Id.* at 4. Nor does he

state a basis for jurisdiction. As for his Statement of Claim, Plaintiff has left the section

completely blank. *Id.* at 6. Finally, Plaintiff has left the Relief section of the form also blank. *Id.*

As a result, Defendant filed a Motion to Dismiss, claiming Plaintiff "presents no discernable

claim, allegation, or basis for relief to the Court. He has not presented the Court or the Defendant

with any allegations or legal arguments subject to identification or response." [R. 5, p. 1].

The Plaintiff filed a letter that the Court construes as a Response, [R. 6], to Defendant's Motion. In the Response, Plaintiff expresses his frustration with the application process for a travel document. *Id*. He notes that he applied for a travel document in October 2019, but failed to receive feedback on his application for several months. *Id*. Finally, Plaintiff noted that he received a final decision informing him that he does not qualify for a fee waiver, and was "so disappointed." *Id*. Ultimately, according to Plaintiff, the experience caused him to file this matter with the Court. *Id*. Defendant, in its reply, notes that "[i]n February 2021, USCIS provided Baniya with full explanations regarding his application and the reasons for its denial." [R. 7]. Defendant continues, refuting many of the assertions made by Plaintiff and argues that "Baniya's response to the motion to dismiss does not operate to amend his complaint, which articulates no claim upon which relief can be granted." *Id*. at 2–3.

## II.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Conclusory

allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

In the instant case, Plaintiff has left the civil complaint form mostly blank. He fails to provide *any* material facts in support of *any* viable legal theory. The complaint does not contain sufficient factual matter that, if accepted as true, states "'a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff fails to place Defendant on notice as to any claims against them, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 550 U.S. 544), and fails to allege a cause of action under any legal theory.

Although this Court recognizes that *pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), the duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

For the foregoing reasons, the instant action will be dismissed by separate Order.

This the 8th day of August 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:     Plaintiff, *pro se*